UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALAL H.,<br><br>                                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                    Defendant. | Case No.: 3:22-cv-02043-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES**<br><br>**[ECF No. 18]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 18. For the reasons set forth below, the Court **GRANTS** the motion.

I.   **BACKGROUND**

The underlying action involves Plaintiff's challenge to the denial of his application for social security disability and supplemental security income benefits. On December 23, 2022, Plaintiff filed a complaint against the acting Commissioner of Social Security. ECF No. 1. Defendant filed the administrative record in lieu of an answer. ECF No. 13. The Court set a scheduling order, requiring formal settlement discussions, a Joint Status Report be filed by May 5, 2023, and a Joint Motion for Judicial Review of Final

1

Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by August 4, 2023. ECF No. 14. On April 19, 2023, instead of filing the Joint Status Report, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), which sought a remand and entry of judgment. ECF No. 15. On April 19, 2023, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administration action, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 16. A Clerk's Judgment was entered the same date. ECF No. 17. The instant motion follows.

On May 4, 2023, the parties filed the instant motion. ECF No. 18. The parties jointly request that Plaintiff's counsel receive compensation for 12.25 hours of work, at $231.49 per hour for 3.75 hours of work done in 2022 and at $234.95 per hour for 8.5 hours of work done in 2023, with the total request as $2,865.13.[1] ECF Nos. 18-2, 18-3.

## II.   THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612

---

[1] Though the joint motion notes the total fees sought as $2,747.66, the Court construes this as a scrivener's error. *See, e.g.*, ECF No. 18-2 at 1 ("Plaintiff seeks compensation for 12.25 hours of work, [] at $868.07 for work completed in 2022, and $1,997.16 for work completed in 2023, for a total attorney fee of $2,747.66" which actually equals $2,865.23); ECF No. 18-3 ("$520.85 […+] $173.61 […+] 173.61 […+] $1,233.49 […+] $587.37 […+] $58.73[…+] $117.47 […=] $2,747.66," which actually equals $2,865.13). The Court construes the parties' intent that the math add up to the correct amount.

[2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

1  (9th Cir. 2007).

2  Here, the parties filed the motion for EAJA fees on May 4, 2023, 15 days after judgment was entered on April 19, 2023. Therefore, at first blush, the motion before the Court may seem premature, since it was filed before the end of the 60-day appeal period. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) ("Section 2412(d)(1)(B) establishes a clear date *after which* applications for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time *before which* applications must be rejected.").

However, the *Auke Bay* court explained that even where the appeal period has not yet run, an application for EAJA attorney fees is nonetheless timely "if (1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Id.* (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). Thus, an early application is timely where "a court order substantially grants the applicant's remedy before final judgment is entered" such that the applicant is able to show that he has prevailed. *Auke Bay*, 779 F.2d at 1393. The Court finds that these criteria are met here, such that the joint motion for EAJA fees is timely. *See, e.g.*, *Dickey v. Colvin*, No. 14-cv-00629-WHO, 2015 WL 575986, at *3 (N.D. Cal. Feb. 10, 2015) (applying *Auke Bay* to conclude a plaintiff's EAJA fee motion was not premature in a Social Security case, although the motion was filed before the 60-day appeal period had run, where the court had remanded for payment of benefits rather than further proceedings); *see cf. Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended.") (emphasis added). Here, the Court substantially granted Plaintiff's remedy before entry of final judgment, by granting the parties' Joint Motion for Voluntary Remand and reversing the final decision of the Commissioner. *See* ECF Nos. 15, 16. Therefore, the Court finds the joint motion is timely.

/ /

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). *See also* 28 U.S.C. § 2412(a), (d). The Court will address these elements in turn.

### A. Prevailing party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). Here, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence-four, Plaintiff is a prevailing party"); *see* ECF No. 16 (remanding the case pursuant to sentence four of 42 U.S.C. § 405(g)).

### B. Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees[.]" ECF No. 18 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant … does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D.

Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18-cv-1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Furthermore, "[b]ecause the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights." *Ulugalu*, 2018 WL 2012330, at *3. Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

C. **Reasonableness of Hours**

counsel receive compensation for 12.25 hours of work, at $231.49 per hour for 3.75 hours of work done in 2022 and at $234.95 per hour for 8.5 hours of work done in 2023, with the total request as $2,747.66. ECF Nos. 18-2, 18-3.

Plaintiff seeks a fee award for 12.25 hours billed by Plaintiff's counsel. ECF Nos. 18-2, 18-3. The Court finds the number of hours billed by Plaintiff's counsel to be reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *see also Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Indeed, the number of hours billed is quite modest compared to the typical range in social security appeals. *Roland S. v. Saul*, No. 3:20cv1068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (finding a total of 8.76 hours billed by counsel and paralegal to be modest, in a case where, like here, the parties filed joint motion for voluntary remand instead of a Joint Status Report); *see, e.g., Costa*, 690 F.3d at 1136 (noting "[m]any district

courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Daniel M. v. Kijakazi*, No. 3:20cv1021-AHG, 2021 WL 3929681, at *2 (S.D. Cal. Sept. 2, 2021) (finding that 22.1 hours billed by plaintiff's counsel a reasonable number of hours when the parties filed joint motion for voluntary remand instead of a Joint Motion for Judicial Review).

### D.   Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statutory maximum EAJA rate for work performed in the Ninth Circuit, factoring in increases in the cost of living, was $234.95 for 2022 and 2023. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 5, 2023) (listing $234.95 for 2022 and not including a rate for 2023, but noting that "[i]f no rate is posted for the period in which your work was performed, please use the rate that is posted for the previous period"); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $234.95 for work performed in 2023. ECF Nos. 18-2, 18-3. Plaintiff's counsel billed $231.49 per hour for work performed in 2022, a rate lower than the Ninth Circuit EAJA rate. *Id.* As such, the Court finds that the hourly rates billed by counsel are reasonable.

### E.   Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the

Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's attorney, Lisa Mouradian, pursuant to the assignment executed by Plaintiff." ECF No. 18 at 2; *see also* ECF No. 18-1 ("declaration and assignment" signed by Plaintiff stating that he "hereby assign[s] any entitlement I may have to a fee under the [] EAJA [] to my attorney, Lisa Mouradian…. Therefore, I ask that the EAJA award should be made payable to my attorney and not me as the Plaintiff").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorney. ECF No. 18-1; *see also* ECF No 18-5. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to his attorney, Lisa Mouradian, pursuant to the assignment.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 18) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of **$2,865.13**; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel, Lisa Mouradian.

**IT IS SO ORDERED.**

Dated:  May 5, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge